IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERONICA ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 3:21-cv-000949 |
| | ) |
| PETSMART LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

The Defendant, PetSmart LLC ("Defendant PetSmart"), by and through its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and states the following in support of it:

1. On or about October 19, 2021, the Plaintiff, Veronica Rogers, filed a Complaint in the St. Joseph County (Indiana) Superior Court styled *Veronica Roger v. PetSmart, LLC and Christopher Cleveland, a citizen of the State of Indiana*, Cause No. 75D05-2110-CT-000385, asserting a negligence/personal-injury claim arising out of a December 26, 2020 slip-and-fall accident at a PetSmart retail store in Mishawaka, Indiana. Pursuant to 28 U.S.C. § 1446(a), copies of the Plaintiff's Complaint and summonses are attached as Exhibit A to this Notice of Removal. Defendant PetSmart has also attached as Exhibit B a copy of the current State Court docket sheet and all other filings to date in the state-court action.

2. The Plaintiff's Complaint alleges that "[a]s a direct and proximate result of this incident, Veronica sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, emotional distress, terror, fright, humiliation, disability, disfigurement, and loss of enjoyment of life, lost wages, loss of

time, impairment of earnings capacity, and sustained other injuries and damages of a personal and pecuniary nature." *Compl.* at 2 (¶ 8).

3. Then-Defendant Christopher Cleveland ("Former Defendant Cleveland") received service of a summons and copy of the Complaint via certified mail on October 28, 2021.

4. Defendant PetSmart received service of a summons and copy of the Complaint via certified mail on November 5, 2021 to its registered agent for service of process.

5. On November 15, 2021, the named Defendants filed a timely *Answer and Affirmative Defenses to the Plaintiff's Complaint and Jury Demand*, a copy of which is included within Exhibit B.

6. Because the Plaintiff's Complaint, in accordance with the applicable state-court rules and requirements, had not included any dollar amount or figure in its demand, contemporaneously with filing their responsive pleading, the named Defendants also served the Plaintiff with *Defendants' First Set of Written Discovery Requests to the Plaintiff*, in response to which, on November 18, 2021, the Plaintiff served answers admitting that "the amount in controversy in this litigation, exclusive of interests in costs, exceeds Seventy-Five Thousand Dollars ($75,000.00)."

7. The Plaintiff is a resident and citizen of, and is domiciled in, the State of Michigan.

8. Defendant PetSmart LLC is a Delaware limited-liability company whose sole member is Argos Holdings LLC. Argos Holdings LLC is a Delaware limited-liability company whose sole member is Argos Immediate Holdco III LLC. Argos Immediate Holdco III LLC is a Delaware limited-liability company whose sole member is Argos Immediate Holdco II LLC.

Argos Immediate Holdco II LLC is a Delaware limited-liability company whose sole member is Argos Immediate Holdco I, Inc., a Delaware corporation with its principal place of business located in Phoenix, Arizona. As such, Defendant PetSmart LLC is a citizen of the States of Delaware and Arizona.

9. On December 8, 2021, Former Defendant Cleveland was dismissed from the St. Joseph Superior Court cause via the parties' *Stipulation of Voluntary Dismissal Without Prejudice as to Defendant Christopher Cleveland Only*, which dismissal was reflected in the St. Joseph Superior Court's *Order of Partial Dismissal Without Prejudice* entered the following day, both of which are included within Exhibit B.  As such, as of the time of this removal, Defendant PetSmart is the only remaining Defendant in the removed action.

10. Because the Plaintiff (a Michigan citizen) and Defendant PetSmart (a citizen of Delaware and Arizona) are citizens of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

11. Including, without limitation, because the Plaintiff has admitted in formal state-court discovery that the amount in controversy exceeds $75,000.00 and has subsequently also independently communicated a settlement demand of greater than $75,000.00, the Defendants reasonably believe it to be more likely than not that the Plaintiff will seek recovery in this lawsuit of a sum that exceeds the jurisdictional threshold for this Court's exercise of diversity jurisdiction.

12. Because the amount in controversy could not be ascertained until after the Plaintiff's November 18, 2021 admission and the case was otherwise not removable pursuant to 28 U.S.C. § 1441(b)(2) until after the Indiana-domiciled Former Defendant Cleveland's

3

dismissal via stipulation on December 8, 2021, this *Notice of Removal* is timely pursuant to 28 U.S.C. § 1446(b)(3).

13. This Court possesses original jurisdiction over the underlying state court civil action pursuant to 28 U.S.C. § 1332. Defendant PetSmart may thus remove this action pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

14. Defendant PetSmart has completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c), including filing copies of all process and pleadings served upon it in this action with this Notice of Removal. Moreover, upon receipt of an ECF Notice, Defendant PetSmart will provide written notice of the Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the St. Joseph Circuit/Superior Court.

15. If the Plaintiff challenges this *Notice of Removal* and the Court's subject-matter jurisdiction, Defendant PetSmart reserves the right to file the appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006).

**WHEREFORE**, for the foregoing reasons, Defendant PetSmart respectfully requests that this Honorable Court accept removal and subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**
One Professional Center, Suite 202
2100 North Main Street
Crown Point, IN 46307
(219) 663-3011
(219) 663-1049 (fax)
twells@reminger.com
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I certify that on December 15, 2021, a true and complete copy of the above and foregoing was served in accordance with Fed.R.Civ.P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

Chester L. Cameron, Jr.
MIDWEST INJURY LAWYERS, LLC
ccameron@midwestinjurylawyers.com
*Counsel for the Plaintiff*

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**